UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EDWARD RONNY ARNOLD,<br><br>    Plaintiff,<br><br>v.<br><br>DEBORAH MALCHOW et al.,<br><br>    Defendants. | Case No. 3:23-cv-01374<br><br>Judge Eli J. Richardson<br>Magistrate Judge Alistair E. Newbern |

To: The Honorable Eli J. Richardson, District Judge

## REPORT AND RECOMMENDATION

This case is one of several that pro se Plaintiff Edward Ronny Arnold has filed in this district arising out of a three-vehicle crash that took place in Davidson County, Tennessee, on October 23, 2019. (Doc. No. 29); *see also* Complaint, *Arnold v. Allstate Ins. Co.*, Case No. 3:23-cv-01244 (M.D. Tenn. Nov. 27, 2023), ECF No. 1; Complaint, *Arnold v. Allstate Ins. Co.*, Case No. 3:24-cv-00720 (M.D. Tenn. June 12, 2024), ECF No. 1; Complaint, *Arnold v. Malchow*, Case No. 3:24-cv-00943 (M.D. Tenn. Aug. 2, 2024), ECF No. 1. In this iteration of the dispute, Arnold brings claims for violations of his constitutional rights against Defendants Allstate Insurance Company (Allstate), Mountain Laurel Assurance Company (MLAC), and Leigh Morton-Morris.[1] (Doc. No. 29.) Arnold's constitutional claims arise out of litigation in Tennessee state court over damages and insurance coverage for the crash. (*Id.*)

---

[1] Arnold's second amended complaint (Doc. No. 29) substituted Morton-Morris as a defendant for Deborah Malchow, Morton-Morris's deceased daughter. (Doc. No. 28.) Because Arnold has not effected service of process on Morton-Morris, the Court will address Arnold's claims against her in a separate report and recommendation.

Allstate and MLAC have moved for dismissal or summary judgment arguing, among other grounds, that they are private actors that cannot be found liable for constitutional violations. (Doc. Nos. 32, 34, 46, 46-1.) Arnold has responded in opposition to Allstate's and MLAC's motions. (Doc. Nos. 37, 38, 47, 47-1.)

For the reasons that follow, the Magistrate Judge will recommend that Allstate's and MLAC's motions be granted.

## I. Relevant Background

The Court recently explained the background relevant to Arnold's claims against Allstate arising out of the accident:

> As in his other cases, Arnold's claims here "relate to a three-vehicle accident that took place in October 2019, during which the plaintiff, then insured by Allstate, sustained personal injuries and property damages." *Arnold v. Allstate Ins. Co.*, Case No. 3:23-cv-01244, 2024 WL 3381267, at *1 (M.D. Tenn. July 10, 2024) (Trauger, J.). Arnold "attempted to obtain coverage for his injuries from Allstate" and sued Allstate in state court. *Id.* Arnold's first "state court lawsuit against Allstate was dismissed; that dismissal was affirmed by the Tennessee Court of Appeals; and the Tennessee Supreme Court denied Arnold's application for permission to appeal." *Id.* While the first state court "lawsuit was still pending on appeal, [Arnold] filed a nearly identical lawsuit" also in state court. *Arnold v. Allstate Ins. Co.*, No. M2023-00536-COA-R3-CV, 2024 WL 95577, at *1 (Tenn. Ct. App. Jan. 9, 2024). "The trial court dismissed this second suit based on res judicata." *Id.* Arnold appealed and, in its January 9, 2024 opinion, the Tennessee Court of Appeals affirmed dismissal on alternate grounds, holding that "lack of finality" "made res judicata inapplicable in this case" but dismissal was nevertheless warranted under "the prior suit pending doctrine . . . ." *Id.* at *7. The Tennessee Supreme Court denied Arnold's request for a writ of certiorari on May 17, 2024. *See Arnold v. Allstate Ins. Co.*, 2024 WL 95577; (Doc. No. 1).

*Arnold v. Allstate Ins. Co.*, Case No. 3:24-cv-00720, 2025 WL 253381, at *1 (M.D. Tenn. Jan. 21, 2025) (alterations in original).

Arnold also previously filed a state court action against MLAC, Progressive Auto Insurance, and Malchow related to the same car accident. *See Arnold v. Malchow*, No. M2021-00695-COA-R3-CV, 2022 WL 774925, at *1 (Tenn. Ct. App. Mar. 15, 2022). Arnold's complaint

in that action alleged that Malchow injured him "through the negligent operation of a motor vehicle and that either Progressive or [MLAC] was Ms. Malchow's insurer." *Id.* "Progressive and [MLAC] filed a joint motion to dismiss on the ground that Tennessee law does not permit direct actions against insurance companies[,]" and "the trial court entered an order dismissing Progressive and [MLAC] as parties" on January 27, 2020. *Id.* The trial court designated its ruling "as final pursuant to Rule 54.02 of the Tennessee Rules of Appellate Procedure." *Id.* Arnold did not file a timely notice of appeal. *Id.* at *4.

Arnold initiated this action on December 27, 2023, by filing a complaint against Allstate, MLAC, and Malchow asserting claims under the Fourteenth Amendment to the United States Constitution. (Doc. No. 1.) Arnold filed an amended complaint as a matter of course on February 5, 2024. (Doc. No. 16.) On April 4, 2024, the Court granted Arnold's motion for leave to file a second amended complaint substituting Morton-Morris as a defendant for Malchow, making Arnold's second amended complaint the operative pleading. (Doc. No. 28.)

Arnold's second amended complaint alleges constitutional claims against Allstate, MLAC, and Morton-Morris. (Doc. No. 29.) Arnold alleges that Allstate and MLAC denied him "access to their own records regarding the investigation, documentation, [and] conclusion of" insurance claims related to the October 2019 car accident in "violation of U.S. Const. amend. XIV, § 1 . . . ." (*Id.* at PageID# 356.) Arnold seeks "a jury [ ] determin[ation] the Defendant's [*sic*] actions and inactions violated" his constitutional rights and also seeks "unspecified" damages. (*Id.* at PageID# 359.)

MLAC filed a combined motion to dismiss under Rule 12(b)(6) and for summary judgment under Rule 56. (Doc. No. 32.) In support of its motion, MLAC filed a memorandum of law (Doc. No. 34), statement of undisputed material facts (Doc. No. 33), and several exhibits (Doc. Nos. 32-

1–32-3). Arnold responded in opposition to MLAC's motion (Doc. Nos. 37, 38) and filed a separate response to MLAC's statement of undisputed material facts (Doc. No. 39). MLAC did not file an optional reply in support of its motion to dismiss and for summary judgment.

Allstate filed a motion for summary judgment (Doc. No. 46) supported by a memorandum of law (Doc. No. 46-1) and statement of undisputed material facts (Doc. No. 46-2). Arnold filed a response in opposition to Allstate's summary judgment motion (Doc. No. 47) and attached exhibits (Doc. No. 47-1). Allstate did not file an optional reply.

Arnold also filed a motion to subpoena records. (Doc. No. 49.) Allstate opposes the motion (Doc. No. 50), and Arnold filed a reply (Doc. No. 51).

**II.     Legal Standards**

    **A.     Rule 12(b)(6)**

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff." *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016). Federal Rule of Civil Procedure 8(a)(2) requires only that a complaint contain "a short and plain statement of the claim[.]" Fed. R. Civ. P. 8(a)(2). However, "[t]he factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). A plaintiff must plead more than "'labels

4

Case 3:23-cv-01374    Document 54    Filed 02/06/25    Page 4 of 9 PageID #: 850

and conclusions[,]'" "'a formulaic recitation of the elements of a cause of action[,]'" or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (third alteration in original) (quoting *Twombly*, 550 U.S. at 555, 557). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Arnold appears pro se, the Court construes his filings "'liberally'" and holds his second amended complaint "'to less stringent standards than formal pleadings drafted by lawyers[.]'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "However, this lenient treatment has limits." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976 (6th Cir. 2012). "[C]ourts are not required to conjure up unpleaded allegations or guess at the nature of an argument." *Brown v. Cracker Barrel Rest.*, 22 F. App'x 577, 578 (6th Cir. 2001) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

**B. Rule 56**

In resolving a motion for summary judgment, the Court must undertake "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Under Federal Rule of Civil Procedure 56, a court must grant summary judgment if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law[,]" and a dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

The moving party bears the initial burden of demonstrating that no genuine issues of material fact exist. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets its burden, the non-moving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (citation omitted); *see also Blizzard v. Marion Tech. Coll.*, 698 F.3d 275, 282 (6th Cir. 2012) ("Once a moving party has met its burden of production, 'its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.'" (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986))). The parties "must support" their assertions "that a fact cannot be or is genuinely disputed" by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or, alternatively, by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A)–(B). Courts must view the record evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Barrett v. Whirlpool Corp.*, 556 F.3d 502, 511 (6th Cir. 2009). However, if the moving party carries its initial burden, the non-moving party must show more than "[t]he mere existence of a scintilla of evidence in support of" his or her position. *Anderson*, 477 U.S. at 252. In order to proceed to trial, "there must be evidence on which the jury could reasonably find" for the non-moving party. *Id.*

### III. Analysis

Arnold's claims in this action arise under the Fourteenth Amendment which provides, in relevant part:

> No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person

> of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. Const. amend. XIV, § 1. The Supreme Court has long held that, "[b]ecause the Amendment is directed at the States, it can be violated only by conduct that may be fairly characterized as 'state action.'" *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). "However, a private entity can be held to constitutional standards when its actions so approximate state action that they may be fairly attributed to the state." *Lansing v. City of Memphis*, 202 F.3d 821, 828 (6th Cir. 2000) (first citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50–51 (1999); and then citing *Lugar*, 457 U.S. at 937).

Allstate's and MLAC's primary argument in favor of dismissal and summary judgment is that Arnold has not alleged or identified evidence to support a reasonable jury finding that Allstate's and MLAC's conduct is fairly attributable to a state. (Doc. Nos. 34, 46-1.) The Sixth Circuit employs three tests to determine whether private actions are fairly attributable to a state: "(1) the public function test; (2) the state compulsion test; and (3) the symbiotic relationship or nexus test." *Lansing*, 202 F.3d at 828. "The public function test requires that 'the private entity exercise powers which are traditionally exclusively reserved to the state, such as holding elections or eminent domain.'" *Id.* (quoting *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992)). "The state compulsion test requires that a state 'exercise such coercive power or provide such significant encouragement, either overt or covert, that in law the choice of the private actor is deemed to be that of the state.'" *Id.* at 829 (quoting *Wolotsky*, 960 F.2d at 1335). "Under the nexus test, 'the action of a private party constitutes state action when there is a sufficiently close nexus between the state and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself.'" *Id.* at 830 (quoting *Wolotsky*, 960 F.2d at 1335).

Arnold's second amended complaint does not allege that Allstate and MLAC are state actors, and it does not contain any factual allegations to support a reasonable inference that their alleged conduct is fairly attributable to a state under the three applicable tests. Arnold's only response to Allstate's and MLAC's state action arguments is that:

> As a sociologist my interpretation is the accepted definition of color of state law - To act 'under color of state law' means to act beyond the bounds of lawful authority, but in such a manner that the unlawful acts were done while the official was purporting or pretending to act in the performance of his official duties.

(Doc. No. 39, PageID# 515.) While Arnold's argument may have traction in the social sciences, it does not support the legal conclusion that Allstate or MLAC are state actors. Further, Arnold has not presented any authority to support this argument and has not explained how it would apply to Allstate's and MLAC's alleged conduct here.

Consequently, Arnold's Fourteenth Amendment claims against Allstate and MLAC in this action cannot succeed, and Allstate's and MLAC's dispositive motions should be granted. *See Arnold v. Allstate Ins. Co.*, 2024 WL 3381267, at *4–5 (dismissing Arnold's claims against Allstate with prejudice for failure to allege state action); *Arnold v. Allstate Ins. Co.*, 2025 WL 253381, at *4 (recommending granting summary judgment in Allstate's favor on the "ground that Arnold has not alleged state action by Allstate").

### IV. Recommendation

For these reasons, the Magistrate Judge RECOMMENDS that MLAC's motion to dismiss and for summary judgment (Doc. No. 32) and Allstate's motion for summary judgment (Doc. No. 46) be GRANTED and that Arnold's motion for subpoenas (Doc. No. 49) be FOUND MOOT.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided.

*Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 6th day of February, 2025.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge