UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EDWARD RONNY ARNOLD,<br><br>    Plaintiff,<br><br>v.<br><br>DEBORAH MALCHOW et al.,<br><br>    Defendants. | Case No. 3:23-cv-01374<br><br>Judge Eli J. Richardson<br>Magistrate Judge Alistair E. Newbern |

To:     The Honorable Eli J. Richardson, District Judge

## REPORT AND RECOMMENDATION

This case is one of several that pro se Plaintiff Edward Ronny Arnold has filed in this district arising out of a three-vehicle crash that took place in Davidson County, Tennessee, on October 23, 2019. (Doc. No. 29); *see also* Complaint, *Arnold v. Allstate Ins. Co.*, Case No. 3:23-cv-01244 (M.D. Tenn. Nov. 27, 2023), ECF No. 1; Complaint, *Arnold v. Allstate Ins. Co.*, Case No. 3:24-cv-00720 (M.D. Tenn. June 12, 2024), ECF No. 1; Complaint, *Arnold v. Malchow*, Case No. 3:24-cv-00943 (M.D. Tenn. Aug. 2, 2024), ECF No. 1. In this iteration of the dispute, Arnold brings claims for violations of his constitutional rights against Defendants Allstate Insurance Company (Allstate), Mountain Laurel Assurance Company (MLAC), and Leigh Morton-Morris.[1] (Doc. No. 29.) This Report and Recommendation addresses Arnold's claim against Morton-Morris.[2]

---

[1]    Arnold's second amended complaint (Doc. No. 29) substituted Morton-Morris as a defendant for Deborah Malchow, Morton-Morris's deceased daughter. (Doc. No. 28.)

[2]    The Court addresses Arnold's claims against Allstate and MLAC in a concurrent report and recommendation.

More than 300 days have passed since the Clerk of Court issued a summons for Morton-Morris (Doc. No. 30), and the docket reflects that Arnold has not effected service of process on Morton-Morris as required by Federal Rule of Civil Procedure 4. On January 21, 2025, the Court ordered Arnold to show cause why the Court should extend the deadline to serve Morton-Morris instead of recommending that the Court dismiss Arnold's claims against Morton-Morris under Rule 4(m) for failure to effect timely service of process. (Doc. No. 52.) Arnold responded to the Court's show-cause order on January 29, 2025. (Doc. No. 53.)

Having considered Arnold's response, and for the reasons that follow, the Magistrate Judge will recommend dismissing Arnold's claims against Morton-Morris under Rule 4(m).

## I.     Relevant Background

"As in his other cases, Arnold's claims here 'relate to a three-vehicle accident that took place in October 2019, during which the plaintiff, then insured by Allstate, sustained personal injuries and property damages.'" *Arnold v. Allstate Ins. Co.*, Case No. 3:24-cv-00720, 2025 WL 253381, at *1 (M.D. Tenn. Jan. 21, 2025) (quoting *Arnold v. Allstate Ins. Co.*, Case No. 3:23-cv-01244, 2024 WL 3381267, at *1 (M.D. Tenn. July 10, 2024)). Arnold alleges that he "received personal injuries to his right and left hand as a direct result of being struck by . . . Malchow" (Doc. No. 29, PageID# 356, ¶ 2), and that, during subsequent litigation in state court, Malchow violated Arnold's constitutional rights by "knowingly withh[olding] information from the trial court and den[ying] [Arnold] access to exclusionary evidence prior to the scheduled September 20, 2021 trial date" (*id.* at PageID# 357, ¶ 5).

Arnold initiated this action on December 27, 2023, by filing a complaint against Malchow, Allstate, and MLAC asserting claims under the Fourteenth Amendment to the United States Constitution. (Doc. No. 1.) Arnold filed an amended complaint as a matter of course on February 5, 2024. (Doc. No. 16.) On April 4, 2024, the Court granted Arnold's motion for leave to file a

2

Case 3:23-cv-01374    Document 55    Filed 02/06/25    Page 2 of 8 PageID #: 857

second amended complaint substituting Morton-Morris as a defendant for Malchow. (Doc. No. 28.) Arnold's second amended complaint—which is the operative pleading—alleges the same Fourteenth Amendment claims against Morton-Morris in place of Malchow. (Doc. No. 29.)

At Arnold's request, the Clerk of Court issued a summons for Morton-Morris on April 4, 2024. (Doc. No. 30.) Arnold returned the summons unexecuted on May 6, 2024, with paperwork stating that the Hillsborough County Florida Sheriff's Office attempted to serve Morton-Morris but was not successful. (Doc. No. 43.)

On January 21, 2025, the Court found that Arnold had not effected service of process on Morton-Morris within the time period required by Federal Rule of Civil Procedure 4(m) and ordered Arnold to show cause why the Magistrate Judge should extend the deadline to serve Morton-Morris instead of recommending that the Court dismiss Arnold's claims against her under Rule 4(m). (Doc. No. 52.) Arnold filed a response to the Court's show-cause order on January 29, 2025. (Doc. No. 53.)

II.     **Legal Standard**

"[T]he requirement of proper service of process 'is not some mindless technicality[,]'" *Friedman v. Est. of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (quoting *Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987)), nor is it "meant to be a game or obstacle course for plaintiffs[,]" *Ace Am. Ins. Co. v. Meadowlands Dev. Ltd. P'ship*, 140 F. Supp. 3d 450, 455 (E.D. Pa. 2015). Rather, it goes to the very heart of a court's ability to hear a case. "[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012); *see also Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012) (explaining that "[s]ervice is . . . not only a means of 'notifying a defendant of the commencement of an action against him,' but 'a ritual that marks the court's assertion of jurisdiction over the lawsuit'" (citation omitted)). Where personal jurisdiction is not

3

Case 3:23-cv-01374    Document 55    Filed 02/06/25    Page 3 of 8 PageID #: 858

properly established, a court cannot exercise its authority consistent with due process of law. *See Friedman*, 929 F.2d at 1156–57.

Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Court must extend the time for service upon a showing of good cause, and the Court may exercise its discretion to permit late service even where a plaintiff has not shown good cause. *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022) (first citing Fed. R. Civ. P. 4(m); and then citing *Henderson v. United States*, 517 U.S. 654, 662 (1996)). Otherwise, the language of Rule 4(m) mandates dismissal, either on motion or sua sponte. Fed. R. Civ. P. 4(m); *see also Byrd v. Stone*, 94 F.3d 217, 219 & n.3 (6th Cir. 1996). In light of this plain language, it is well established that Rule 4(m) empowers a court to dismiss complaints without prejudice "upon the court's own initiative with notice to the plaintiff." *Hason v. Med. Bd. of Cal.*, 279 F.3d 1167, 1174 (9th Cir. 2002); *see also Friedman*, 929 F.2d at 1155 n.4 (noting that "the issue of ineffective service of process may be raised sua sponte").

The Sixth Circuit has directed district courts to consider seven factors in "deciding whether to grant a discretionary extension of time in the absence of a finding of good cause:"

> (1) whether an extension of time would be well beyond the timely service of process;
>
> (2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit;
>
> (3) whether the defendant had actual notice of the lawsuit;
>
> (4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred;
>
> (5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies;

(6) whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process; and

(7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

*Oakland Physicians Med. Ctr., LLC*, 44 F.4th at 569.

**III.   Analysis**

Arnold argues that good cause exists to extend the Rule 4(m) service deadline because Morton-Morris's daughter Sylvia told him in an April 26, 2024 voicemail that a law firm "instructed" Morton-Morris "not to accept the summons from the Hillsborough County Sheriff's Office." (Doc. No. 53, PageID# 753.) Arnold attached the following transcription of the voicemail to his show-cause response:

> "Hi Arnold this is Sylvia Martin my mother is not involved in the case she is not the executor to my sister's estate do not contact her contact the attorney that is involved with the case she has been in touch with you and we are not required to cooperate with you if you would like to get in touch with us reach out to the chart thank you..."

(Doc. No. 53-1, PageID# 823.) But the documents that Arnold filed when he returned Morton-Morris's summons unexecuted do not indicate that Morton-Morris refused to accept service of the summons by the Hillsborough County Sheriff's Office. (Doc. No. 43.) Instead, Deputy

5

Sheriff Alicia Washington stated that, when she tried to serve Morton-Morris on April 25, 2024, at the address Arnold provided, a "current resident [named] Ester" told Washington that Morton-Morris "was a resident a while back" but no longer lived at that address. (*Id.* at PageID# 630.) Washington further stated that, on the following day, Arnold told her by phone that "Morton-Morris was instructed not to accept paperwork from [the Hillsborough County Sheriff's Office]." (*Id.*) But, again, there is no indication that Morton-Morris did refuse to accept service, and there is no indication that Arnold provided a correct service address for Morton-Morris after receiving notice that she no longer resided at the first identified address.

While the events surrounding Arnold's attempt to serve Morton-Morris could support a finding of good cause to extend the Rule 4(m) deadline in other circumstances, they do not do so here. This is because, "in the instant action, providing for an extension of time to obtain service of process upon [Morton-Morris] would be an exercise in futility." *Howse v. Metro. Gov't of Nashville & Davidson Cnty.*, Civ. No. 3:18-1148, 2019 WL 13397804, at *6 (M.D. Tenn. Mar. 4, 2019), *report and recommendation adopted*, 2019 WL 13397803 (M.D. Tenn. Apr. 29, 2019). Arnold's only claim against Morton-Morris is that she is liable for Malchow's alleged violation of Arnold's Fourteenth Amendment rights in the underlying state court proceedings by "knowingly withh[olding] information from the trial court and den[ying] [Arnold] access to exclusionary evidence prior to the scheduled September 20, 2021 trial date." (Doc. No. 29, PageID# 357, ¶ 5.) But, as the Court explains in a concurrent report and recommendation addressing Arnold's claims against Allstate and MLAC, the Fourteenth Amendment "can be violated only by conduct that may be fairly characterized as 'state action.'" *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). A private individual or entity only "can be held to constitutional standards when its actions so approximate state action that they may be fairly attributed to the state." *Lansing v. City of Memphis*,

202 F.3d 821, 828 (6th Cir. 2000) (first citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50–51 (1999); and then citing *Lugar*, 457 U.S. at 937). Arnold has not alleged that Malchow or Morton-Morris is a state actor for constitutional purposes, and there are no facts in Arnold's second amended complaint to support a reasonable inference that Malchow or Morton-Morris is a state actor. *See Lansing*, 202 F.3d at 828–30 (explaining state action requirement and applicable tests for determining whether private defendants' conduct may fairly be characterized as state action). Thus, even if Arnold achieved effective service of process on Morton-Morris, his claim against her "would be promptly subject to dismissal." *Howse*, 2019 WL 13397804, at *6; *see also Kennedy v. Grattan Twp.*, No. 1:06-cv-657, 2007 WL 1108566, at *4 (W.D. Mich. Apr. 10, 2007) (declining to "extend the time for service" where "formal service would [ ] be futile" and instead "dismiss[ing] the case . . . for lack of service under Rule 4(m)"). For that reason, the Court should decline to extend Arnold's time to serve Morton-Morris under Rule 4(m) and dismiss Arnold's claims against her.

## IV.     Recommendation

For these reasons, the Magistrate Judge RECOMMENDS that the Court DISMISS WITHOUT PREJUDICE Arnold's claims against Morton-Morris under Rule 4(m) for failure to effect service of process.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 6th day of February, 2025.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge