IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

EDWARD RONNY ARNOLD,            )
                                )
    Plaintiff,                  )
                                )   NO. 3:23-CV-01374
v.                              )
                                )   JUDGE RICHARDSON
DEBORAH MALCHOW, ET AL.,        )
                                )
    Defendants.                 )

## ORDER

Pending before the Court[1] is a report and recommendation prepared by the Magistrate Judge, (Doc. No. 54, "R&R"), wherein the Magistrate Judge recommends that the Court GRANT the "Motion to Dismiss for Failure to State a Claim and Motion for Summary Judgment" (Doc. No. 32, "Motion to Dismiss") filed by Defendant Progressive Direct Auto Mountain Laurel Assurance Company's ("MLAC") and the revised motion for summary judgment (Doc. No. 46, "Motion for Summary Judgment") filed by Defendant Allstate Insurance Company's ("Allstate").

Plaintiff, Edward Ronny Arnold, filed objections to the R&R (Doc. No. 56, "Objections").[2] Both MLAC and Allstate have filed replies, in which both Defendants respectively reiterate the position of the R&R: that Plaintiff has not alleged facts that would suggest MLAC or Allstate is a state actor under any of the three tests used to determine whether a private party may be treated as a state actor. (Doc. Nos. 58, 59). For the reasons stated herein, the Court agrees with the Magistrate

---

[1] Herein, "the Court" refers to the undersigned District Judge, as opposed to the Magistrate Judge who authored the R&R.

[2] Herein, a given use of the term "Objections" may refer to the document (Doc. No. 56) itself, to the purported objections contained therein (i.e., the "objections" to the R&R contained within the "Objections"), or both.

Judge's recommended ruling and adopts it in full, except for the modification that it will grant the Motion to Dismiss only with respect to the motion to dismiss contained therein, and will deny as moot the summary judgment motion contained therein.

BACKGROUND

Plaintiff does not dispute any of the facts (regarding the procedural history and underlying circumstances of this case) as set forth by the Magistrate Judge in the R&R. Therefore, the Court adopts that factual background in its entirety and includes it here for reference:

> The Court recently explained the background relevant to Arnold's claims against Allstate arising out of the accident:
>
>> As in his other cases, Arnold's claims here "relate to a three-vehicle accident that took place in October 2019, during which the plaintiff, then insured by Allstate, sustained personal injuries and property damages." *Arnold v. Allstate Ins. Co.*, Case No. 3:23-cv-01244, 2024 WL 3381267, at *1 (M.D. Tenn. July 10, 2024) (Trauger, J.). Arnold "attempted to obtain coverage for his injuries from Allstate" and sued Allstate in state court. *Id*. Arnold's first "state court lawsuit against Allstate was dismissed; that dismissal was affirmed by the Tennessee Court of Appeals; and the Tennessee Supreme Court denied Arnold's application for permission to appeal." *Id*. While the first state court "lawsuit was still pending on appeal, [Arnold] filed a nearly identical lawsuit" also in state court. *Arnold v. Allstate Ins. Co*., No. M2023-00536-COA-R3-CV, 2024 WL 95577, at *1 (Tenn. Ct. App. Jan. 9, 2024). "The trial court dismissed this second suit based on res judicata." *Id*. Arnold appealed and, in its January 9, 2024 opinion, the Tennessee Court of Appeals affirmed dismissal on alternate grounds, holding that "lack of finality" "made res judicata inapplicable in this case" but dismissal was nevertheless warranted under "the prior suit pending doctrine . . . ." *Id*. at *7. The Tennessee Supreme Court denied Arnold's request for a writ of certiorari on May 17, 2024. *See Arnold v. Allstate Ins. Co*., 2024 WL 95577; (Doc. No. 1).
>
> *Arnold v. Allstate Ins. Co*., Case No. 3:24-cv-00720, 2025 WL 253381, at *1 (M.D. Tenn. Jan. 21, 2025) (alterations in original).
>
> Arnold also previously filed a state court action against MLAC, Progressive Auto Insurance, and Malchow related to the same car accident. *See Arnold v. Malchow*, No. M2021-00695-COA-R3-CV, 2022 WL 774925, at *1 (Tenn. Ct.

App. Mar. 15, 2022). Arnold's complaint in that action alleged that Malchow injured him "through the negligent operation of a motor vehicle and that either Progressive or [MLAC] was Ms. Malchow's insurer." *Id*. "Progressive and [MLAC] filed a joint motion to dismiss on the ground that Tennessee law does not permit direct actions against insurance companies[,]" and "the trial court entered an order dismissing Progressive and [MLAC] as parties" on January 27, 2020. *Id*. The trial court designated its ruling "as final pursuant to Rule 54.02 of the Tennessee Rules of Appellate Procedure." *Id*. Arnold did not file a timely notice of appeal. *Id*. at *4.

Arnold initiated this action on December 27, 2023, by filing a complaint against Allstate, MLAC, and Malchow asserting claims under the Fourteenth Amendment to the United States Constitution. (Doc. No. 1.) Arnold filed an amended complaint as a matter of course on February 5, 2024. (Doc. No. 16.) On April 4, 2024, the Court granted Arnold's motion for leave to file a second amended complaint substituting Morton-Morris as a defendant for Malchow, making Arnold's second amended complaint the operative pleading. (Doc. No. 28.)

Arnold's second amended complaint alleges constitutional claims against Allstate, MLAC, and Morton-Morris. (Doc. No. 29.) Arnold alleges that Allstate and MLAC denied him "access to their own records regarding the investigation, documentation, [and] conclusion of" insurance claims related to the October 2019 car accident in "violation of U.S. Const. amend. XIV, § 1 . . . ." (*Id*. at PageID# 356.) Arnold seeks "a jury [ ] determin[ation] the Defendant's [sic] actions and inactions violated" his constitutional rights and also seeks "unspecified" damages. (*Id*. at PageID# 359.)

(Doc. No. 54 at 2-3).[3] The Magistrate Judge evaluated the merits of Defendant's Motion by reviewing all three tests used in determining whether a private party may be treated as a state actor for purposes of, and as required for, liability for violating a plaintiff's constitutional rights.[4] The

---

[3] Notably, Plaintiff has not invoked 42 U.S.C. §1983 as a basis for his claims, but rather attempts to create a cause of action directly under a constitutional provision (i.e., the Fourteenth Amendment) to pursue a remedy for an alleged violation of the constitutional provision. By now it seems pretty clear that a plaintiff can do no such thing and instead *must* proceed under §1983. *See* e.g., *Roath v. Elliott*, No. 19-6072, 2021 U.S. App. LEXIS 14100 (6th Cir. May 12, 2021). Plaintiff's claims likely all could have been dismissed alternatively on this basis alone.

[4] Plaintiff's claims in this action purportedly arise directly under the Fourteenth Amendment, which provides in relevant part:

> No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or

Magistrate Judge found that Plaintiff had not alleged facts plausibly suggesting, or identified evidence to support a reasonable jury finding, that either Allstate's or MLAC's conduct is fairly attributable to a state, i.e., was so-called state action, as is required for them to be liable for a constitutional violation. Accordingly, the Magistrate Judge recommended that MLAC's Motion to Dismiss and Allstate's Motion for Summary Judgement be granted, and that Plaintiff's claims against those Defendants be dismissed in their entirety. (Doc. No. 54 at 2, 8).

## LEGAL STANDARD

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which a *proper* objection is made. Fed. R. Civ. P. 72(b)(3); 28 U.S.C.A. § 636(b)(1). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id.*

---

property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. Const. amend. XIV, § 1. The Supreme Court has long held that, "[b]ecause the Amendment is directed at the States, it can be violated only by conduct that may be fairly characterized as 'state action.'" *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). "However, a private entity can be held to constitutional standards when its actions so approximate state action that they may be fairly attributed to the state." *Lansing v. City of Memphis*, 202 F.3d 821, 828 (6th Cir. 2000) (first citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50–51 (1999); and then citing *Lugar*, 457 U.S. at 937). The Sixth Circuit employs three (3) tests to determine whether private actions are fairly attributable to a state: "(1) the public function test; (2) the state compulsion test; and (3) the symbiotic relationship or nexus test." *Lansing*, 202 F.3d at 828. "The public function test requires that 'the private entity exercise powers which are traditionally exclusively reserved to the state, such as holding elections or eminent domain.'" *Id*. (quoting *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992)). "The state compulsion test requires that a state 'exercise such coercive power or provide such significant encouragement, either overt or covert, that in law the choice of the private actor is deemed to be that of the state.'" *Id*. at 829 (quoting *Wolotsky*, 960 F.2d at 1335). "Under the nexus test, 'the action of a private party constitutes state action when there is a sufficiently close nexus between the state and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself.'" *Id*. at 830 (quoting *Wolotsky*, 960 F.2d at 1335).

Only "specific written objections" to the magistrate judge's proposed factual findings and legal conclusions are "proper" under Federal Rule of Civil Procedure 72(b). *Frias v. Frias*, No. 2:18-cv-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019). Furthermore, Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made. *See* Fed. R. Civ. P. 72(b)(2); L.R. 72.02(a).

"The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object. Moreover, an objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context." *Frias*, 2019 WL 549506, at *2 (internal citations and quotation marks omitted).

Failure to object to a report and recommendation releases the Court from its duty to independently review the matter. *Hart v. Bee Property Mgmt.*, No. 18-cv-11851, 2019 WL 1242372, at *1 (E.D. Mich. March 18, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). As such, the Court is not required to review, under a de novo or any other standard, those aspects of the report and recommendation to which Plaintiff does not make an objection. *Ashraf v. Adventist Health System/Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Sec.*, No. 3:18-CV-0010, 2018 WL 6322332, at *2 (M.D. Tenn. Dec. 4, 2018).

ANALYSIS

As noted, the R&R recommends that the Court grant in full both MLAC's Motion to Dismiss and Allstate's Motion for Summary Judgment. (Doc. No. 54 at 2). In light of Plaintiff's objections to the R&R, the Court has reviewed the Magistrate Judge's analysis and conclusions, as well as other relevant parts of the record, to assess de novo the part(s) of the R&R implicated

by the Objections. The Court finds that Plaintiff's Second Amended Complaint (and, for that matter, either prior version of the complaint) does not allege any factual allegations that would support a finding that either MLAC or Allstate is a state actor, or that their private actions could be fairly attributable to a state.[5]

But under a de novo review, the Court must consider any objection properly made to any portion, or aspect, of the proposed findings or recommendations. Here, via his Objections, Plaintiff argues that: (1) the Magistrate Judge has prejudiced him by ruling on the motions filed by MLAC and Allstate in a single report and recommendation; (2) the state trial court violated Plaintiff's right to due process by preventing his access to documents allegedly in possession of Defendants; (3) his recovery is limited under the "Take it or Leave it" doctrine; (4) MLAC is a state actor because it must follow state law and regulations; and (5) Allstate is barred from summary judgment because the civil suit Plaintiff brings against it is a contractual dispute. (*See generally*, Doc. No. 56). Even though only one of these Objections (the fourth one) facially appears relevant to the Magistrate Judge's dispositive legal conclusion that neither MLAC nor Allstate is a state actor, some of the others impugn an aspect of the R&R—either in form or substance—and so each Objection is addressed (to the extent necessary) below.

First, Plaintiff argues that the Magistrate Judge has prejudiced him by ruling on both MLAC's Motion to Dismiss and Allstate's Motion for Summary Judgment in a single report and recommendation. (Doc. No. 56 at 3). Here, Plaintiff objects to a particular aspect of the R&R, i.e., the fact that the Magistrate Judge ruled on more than one dispositive motion in a single document. Plaintiff's objection is based in the speculative concern that a higher court would be confused as

---

[5] Indeed, nowhere in the original Complaint, the Amended Complaint, or the Second Amended Complaint does the Court see where Plaintiff asserts an allegation against Allstate for an alleged violation under the Fourteenth Amendment.

to each Defendant's alleged acts and alleged liability for violating Plaintiff's constitutional due process. (Doc. No. 56 at 3). This Objection is without merit. A magistrate judge may address, in one report and recommendation, any and all dispositive motions before him or her,[6] and Plaintiff's unsupported argument fails to show that there was anything improper in the Magistrate Judge's choice to use a single document to address multiple dispositive motions. Therefore, this Objection is overruled because there is no basis for finding any prejudice to Plaintiff resulted, or could result, in the Magistrate Judge's decision to rule on more than one dispositive motion.

Second, Plaintiff argues that the state trial court violated his right to due process by preventing his access to documents allegedly in possession of Defendants. (Doc. No. 56 at 5). This does not pertain to any part of the R&R because this was not addressed (and indeed did not need to be addressed) in the R&R. This type of objection does not meet the specificity requirement and is tantamount to a complete failure to object, thus releasing the Court from its duty to review it.[7]

Third, Plaintiff argues that his recovery is limited under the "Take it or Leave it" doctrine. Like his second Objection, this Objection does not pertain to any part of the R&R because it was not addressed (and indeed did not need to be addressed) in the R&R. Therefore, the Court has no duty to review it. And in any event, it is impossible to see how this Objection, even if sustained, could possibly undermine anything in the R&R.

Fourth, Plaintiff argues that, contrary to the Magistrate Judge's conclusion, MLAC is a state actor. (Doc. No. 56 at 6-8). This Objection directly challenges a finding of the R&R, but

---

[6] The Court has considered such reports and recommendations before. *See, e.g., Bonds v. Lindamood*, No. 1:16-CV-00085, 2018 WL 813162, at *1 (M.D. Tenn. Feb. 9, 2018) (considering a report and recommendation concerning multiple dispositive motions submitted by several defendants).

[7] Even if the Court agreed with Plaintiff's contention, the outcome would be unchanged, as the Second Amended Complaint is due to be dismissed in its entirety to Plaintiff's lack of showing of state action by Defendants MLAC or Allstate.

Plaintiff's reasoning in support of his position is off-base. Plaintiff offers a misguided argument that private insurance companies should be considered state actors because the State of Tennessee statutorily requires motorists to maintain liability insurance in order to legally drive within Tennessee. (Doc. No. 56, at 6-7). Recounting a condition precedent for carrying a driver's license in the State of Tennessee fails to help plausibly suggest in any way that MLAC is a state actor. On de novo review, the Court easily reaches the same conclusion (and for the same reasons) as did the Magistrate Judge: MLAC simply was not, under *any* theory, a state actor with respect to the events alleged in Plaintiff's Second Amended Complaint. Therefore, this Objection is overruled, and the Court adopts the Magistrate Judge's state-actor analysis under the three tests. In short, on de novo review, the Court reaches the same conclusion as did the Magistrate Judge—which is that Plaintiff has not presented any factual allegations (not to mention evidence) suggesting state action on the part of MLAC. (R.54 at 7-8).

Finally, Plaintiff argues that Allstate is barred from summary judgment because the civil suit Plaintiff brings against it is a contractual dispute. This Objection challenges an aspect of the R&R in that Plaintiff appears to object to the Magistrate Judge's ability to even review and consider Allstate's Motion for Summary Judgment in the first place. But Plaintiff misunderstands of the law. While members of a jury should, as Plaintiff argues, weigh the behavior(s) of the parties involved in a contractual dispute, this does not preclude a magistrate judge's review and recommended ruling on a contractual dispute if a movant is entitled to judgment as a matter of law and there is no genuine dispute as to any material fact. *See* Fed. R. Civ. P. 56. And so, this Objection is overruled because there is no basis to argue that summary judgment cannot be granted on a contract claim, and in fact summary judgment can be granted on a contract claim.

Plaintiff does not otherwise contest the R&R's rationale for recommending the granting of Allstate's Motion for Summary Judgment, and so the Court need not review de novo that rationale. But alternatively, going ahead and reviewing that rationale—which is that Plaintiff has not presented any factual allegations (not to mention evidence) suggesting state action on the part of Allstate (R.54 at 7-8)—the Court on de novo review finds it perfectly sound.

In sum, all of Plaintiff's Objections are without merit and overruled. And on de novo review of any part of the R&R implicated by Plaintiff's Objections, the Court reaches the same conclusions as did the Magistrate Judge.

Finally, the Court notes that Plaintiff made no specific objection to the R&R's recommendation that Plaintiff's motion relating to a request for subpoenas to Allstate (Doc. No. 49, "Motion for Subpoena") be found moot. With Allstate being hereby dismissed after consideration of Plaintiff's Objections (and de novo review of all parts of the R&R implicated ny those Objections), the Court finds consistent with the R&R that the Motion for Subpoenas is moot and is subject to denial on that basis.

## CONCLUSION

For the reasons discussed herein, Plaintiff's Objections (Doc. No. 56) are overruled. The Court GRANTS MLAC's Motion to Dismiss (Doc. No. 32), which in effect moots the summary-judgment motion included in the Motion to Dismiss. Thus, the Court modifies the Magistrate Judge's R&R (Doc. No. 54) by denying as moot (rather than granting, as recommended by the R&R) that summary-judgment motion. The Court also GRANTS Allstate's Motion for Summary Judgment (Doc. No. 46). Accordingly, Plaintiff's claims against Defendants MLAC and Allstate are DISMISSED in their entirety, and the Clerk is DIRECTED to terminate MLAC and Allstate as Defendants.

The Motion for Subpoenas (Doc. No. 49) is DENIED as moot.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE