IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

EDWARD RONNY ARNOLD,                )
                                    )
         Plaintiff,                 )
                                    )   NO. 3:23-CV-01374
v.                                  )
                                    )   JUDGE RICHARDSON
LEIGH MORTON MORRIS, ET AL.,        )
                                    )
         Defendants.                )
                                    )

## ORDER

Pending before the Court[1] is a report and recommendation prepared by the Magistrate Judge, (Doc. No. 55, "R&R"), wherein the Magistrate Judge recommends that the Court DISMISS, without prejudice, Plaintiff's claims against Leigh Morton-Morris[2] under Federal Rule of Civil Procedure 4(m) for failure to effect service of process. Plaintiff has filed an objection to the R&R (Doc. No. 57, "Objections"), arguing in essence that proper service effectuated on (now deceased) former Defendant Malchow should qualify as service upon Morton-Morris.[3]

For the reasons stated herein, the R&R is adopted over Plaintiff's Objections.

---

[1] Herein, "the Court" refers to the undersigned District Judge, as opposed to the Magistrate Judge who authored the R&R.

[2] Leigh Morton-Morris is the biological mother of Defendant Malchow. (Doc. No. 28). The Clerk of Court was directed by this Court to enter Plaintiff's second amended complaint (Doc. No. 29) as a separate docket entry and amend the case caption to reflect that Morton-Morris had been substituted for Defendant Malchow as a defendant. (Doc. No. 28). A summons for Morton-Morris was issued on April 4, 2024. (Doc. No. 30). Morton-Morris has not appeared in this matter, unsurprisingly, as the issue of whether she has been properly served remains in dispute.

[3] Herein, a given use of the term "Objections" may refer to the document (Doc. No. 57) itself, to the purported objections contained therein (i.e., the "objections" to the R&R contained within the "Objections"), or both.

BACKGROUND

As Plaintiff does not dispute any of the facts regarding the procedural history and underlying circumstances surrounding Malchow, as set forth by the Magistrate Judge in the R&R,[4] the Court adopts that factual background in its entirety and includes it here for reference:

> "As in his other cases, Arnold's claims here 'relate to a three-vehicle accident that took place in October 2019, during which the plaintiff, then insured by Allstate, sustained personal injuries and property damages.'" *Arnold v. Allstate Ins. Co.*, Case No. 3:24-cv-00720, 2025 WL 253381, at *1 (M.D. Tenn. Jan. 21, 2025) (quoting *Arnold v. Allstate Ins. Co.*, Case No. 3:23-cv-01244, 2024 WL 3381267, at *1 (M.D. Tenn. July 10, 2024)). Arnold alleges that he "received personal injuries to his right and left hand as a direct result of being struck by . . . Malchow" (Doc. No. 29, PageID# 356, ¶ 2), and that, during subsequent litigation in state court, Malchow violated Arnold's constitutional rights by "knowingly withh[olding] information from the trial court and den[ying] [Arnold] access to exclusionary evidence prior to the scheduled September 20, 2021 trial date" (*id.* at PageID# 357, ¶ 5).
>
> Arnold initiated this action on December 27, 2023, by filing a complaint against Malchow, Allstate [Defendant Allstate Insurance Company], and MLAC [Progressive Direct Auto Mountain Laurel Assurance Company] asserting claims under the Fourteenth Amendment to the United States Constitution. (Doc. No. 1.) Arnold filed an amended complaint as a matter of course on February 5, 2024. (Doc. No. 16.) On April 4, 2024, the Court granted Arnold's motion for leave to file a second amended complaint substituting Morton-Morris as a defendant for Malchow. (Doc. No. 28.) Arnold's second amended complaint—which is the operative pleading—alleges the same Fourteenth Amendment claims against Morton-Morris in place of Malchow. (Doc. No. 29.)
>
> At Arnold's request, the Clerk of Court issued a summons for Morton-Morris on April 4, 2024. (Doc. No. 30.) Arnold returned the summons unexecuted on May 6, 2024, with paperwork stating that the Hillsborough County Florida Sheriff's Office attempted to serve Morton-Morris but was not successful. (Doc. No. 43.)
>
> On January 21, 2025, the Court found that Arnold had not effected service of process on Morton-Morris within the time period required by Federal Rule of

---

[4] In his Objections, Plaintiff argues that the Magistrate Judge incorrectly portrayed the procedural background at the state court level. (Doc. No. 57 at 3). At no point in the "Relevant Background" section, or any other section, of the R&R does the Magistrate Judge discuss details of or findings from Plaintiff's state court cases. But more importantly, the Magistrate Judge's (supposed) errors in this regard are entirely unrelated to the basis for the recommendation in the R&R, which is to dismiss Plaintiff's claims against Morton-Morris in *this* Court—not state court—for failure to effect service of process.

Civil Procedure 4(m) and ordered Arnold to show cause why the Magistrate Judge should extend the deadline to serve Morton-Morris instead of recommending that the Court dismiss Arnold's claims against her under Rule 4(m). (Doc. No. 52 [Show-Cause.) Arnold filed a response to the Court's show-cause order on January 29, 2025. (Doc. No. 53.)

(Doc. No. 55 at 2-3). In his response to the Magistrate Judge's Show-Cause Order, Plaintiff does not present evidence of attempts to properly serve Morton-Morris; rather, Plaintiff asserts that he was informed by Malchow's biological sister that Morton-Morris was instructed by an attorney to refuse to accept service. (Doc. No. 53 at 13).

Having determined that Plaintiff did not effect service upon Morton-Morris (Doc. No. 52), and given that Plaintiff presented no evidence of the contrary in his response, the Magistrate Judge in the R&R evaluated whether an extension of Rule 4(m)'s temporal deadline for serving a defendant with process should be granted.[5] (Doc. No. 55). The Magistrate Judge concluded that no extension of time to obtain service of process upon Morton-Morris should be given, because such an extension would be an exercise in futility, since Plaintiff failed to allege any factual matter suggesting that Morton-Morris is a state actor—as would be necessary to support Plaintiff's conclusory allegation against her, i.e., that she is liable for Malchow's alleged violation of Plaintiff's Fourteenth Amendment rights in the underlying state proceedings. (*Id*. at 6.)

Accordingly, the Magistrate Judge found that no good cause existed for an extension under Rule 4(m) and that Plaintiff failed to timely serve Morton-Morris as required by Rule 4(m). (*Id*. at 7). And she therefore recommended that the claims against Morton-Morris be dismissed without prejudice for failure to effect service of process as required. (*Id*.)

## LEGAL STANDARD

---

[5] As discussed in more detail below, the general deadline for serving a defendant with process is 90 days after the complaint is filed. *See* Fed. R. Civ. P. 4(m).

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which a *proper* objection is made. Fed. R. Civ. P. 72(b)(3); 28 U.S.C.A. § 636(b)(1). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id.*

Only "specific written objections" to the magistrate judge's proposed factual findings and legal conclusions are "proper" under Federal Rule of Civil Procedure 72(b). *Frias v. Frias*, No. 2:18-cv-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019). Furthermore, Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made. *See* Fed. R. Civ. P. 72(b)(2); L.R. 72.02(a).

"The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object. Moreover, an objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context." *Frias*, 2019 WL 549506, at *2 (internal citations and quotation marks omitted).

Failure to object to a report and recommendation releases the Court from its duty to independently review the matter. *Hart v. Bee Property Mgmt.*, No. 18-cv-11851, 2019 WL 1242372, at *1 (E.D. Mich. March 18, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). As such, the Court is not required to review, under a *de novo* or any other standard, those aspects of the report and recommendation to which Plaintiff does not make an objection. *Ashraf v.*

*Adventist Health System/Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Sec.*, No. 3:18-CV-0010, 2018 WL 6322332, at *2 (M.D. Tenn. Dec. 4, 2018).

ANALYSIS

As noted above, the R&R recommends that the Court dismiss, without prejudice, Plaintiff's claims against Morton-Morris under Federal Rule of Civil Procedure 4(m) for failure to effect service of process. (Doc. No. 55 at 7). The Court has reviewed the objections, the Magistrate Judge's analysis, and other relevant parts of the record, to: (i) assess the validity of the objections themselves and (ii) assess de novo any part(s) of the R&R implicated by the Objections. Upon such de novo review, it finds the Magistrate Judge's recommended dismissal is appropriate.

In his Objections, Plaintiff raises no issue with the analysis or recommendation of the R&R. Instead, he asserts that the R&R is "prejudicial" because it did not address Plaintiff's service of process upon Malchow's attorney, who—according to Plaintiff—was properly served with process when Plaintiff mailed a copy of this civil action to Malchow's attorney(s) on December 29, 2023.[6] (Doc. No. 57 at 5). Plaintiff then argues that Malchow's attorney and that attorney's law firm are "in violation of federal Rule 12," having failed to serve an answer within twenty-one (21) days of being served (*Id.*) Plaintiff contends that the R&R "does not disclose the defendant was served and the defendant has not responded." (*Id.*)

It is true that the R&R does not evaluate these particular issues. But the R&R does not have to address them, because, once Malchow was substituted as a defendant under Rule 25, the issue

---

[6] Plaintiff's exact allegation is that Malchow's attorney and that attorney's law firm are in "violation of Rule 5(b)(1) and (2), because service of process was complete upon them in December 2023. (Doc. No. 57 at 2, 4). But the Court does not understand how a defendant's attorney or their law firm fails to comply with Rule 5 under circumstances where the papers being served are a copy of summons and complaint (i.e., service of process), which are covered by Rule 4 and not Rule 5. Moreover, service of process is the plaintiff's, not defendant's attorney's, responsibility *See* Fed. R. Civ. P. 4(c)(1). Malchow's attorney therefore could not have "violated" Rule 4 (or, for that matter, Rule 5, which as noted is inapplicable to service of process) based on supposedly having been served with process.

became whether Plaintiff properly served process on *the new defendant, Morton-Morris*—who would become responsible for responding to the complaint (via an answer or Rule 12 motion) only if and when such service occurred.[7] Rule 25 requires any putative new defendant to be served with process in compliance with Rule 4, even if the putative new defendant is substituting for a prior defendant. *See* Fed. R. Civ. P. 25(a)(3) ("a motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties *as provided in Rule 4*.") (emphasis added).[8] Therefore, Plaintiff's objections are overruled.

It is clear from the record that Plaintiff was given adequate opportunity to properly serve process on Morton-Morris. (*See* Doc. No. 52). But as discussed in the R&R, Plaintiff did not effectuate service of process on Morton-Morris within ninety (90) days from the time Plaintiff

---

[7] To succinctly address Plaintiff's assertions concerning Rule 5 and 12, the Court notes first that Plaintiff's original complaint in this case, naming Malchow and others as defendant, was filed on December 27, 2023. (Doc. No. 1). An answer or Rule 12 motion was due from a defendant within twenty-one (21) days of the date of proper service of process upon that defendant. *See* Fed. R. Civ. P. 12. On January 8, 2024 (long before Malchow's 21 days could have elapsed even if she had been alive at the time), Plaintiff filed a notification of suggestion of death in this matter, in which Plaintiff claims that the suggestion of death (showing Malchow passed away on February 28, 2022) was filed only three days earlier, on January 5, 2024, in state court by Malchow's attorneys. (Doc. No. 7 at 1; *see also* Doc. No. 53-1 at 26-27). Because Malchow's passing occurred long before an answer could possibly have been due from her even if she were alive, she did not have to file an answer or Rule 12 motion, and therefore, neither she nor her attorney have failed to comply with Rule 5 or 12. But even aside from this, Plaintiff claims that the filing of Malchow's suggestion of death reflects "a direct result of the inability to process service to [sic] the defendant, [ ] Malchow," (*Id*. at 2). The Court does not understand how the suggestion-of-death filing in state court could be "a direct result of the inability" to serve process on the deceased. But in any event, Plaintiff's reference here to his inability to serve Malchow is telling; it is effectively an admission that contradicts his contention that Malchow was properly served. And if Malchow was never properly served, the 21-day period for filing an answer or Rule 12 motion never began to run.

[8] Perhaps, by citing to Rule 25 while insisting that he properly served Malchow, Plaintiff is suggesting that his service of process upon Malchow's attorney in 2023 is sufficient for service of process upon Morton-Morris, as a substituted defendant under Rule 25(a)(1). If so, the suggestion is meritless. Rule 25 has nothing to say about whether service of process on the original party constitutes service of process on the party that eventually substitutes for the original party. *See* Fed. R. Civ. P. 25(a). Moreover, the record suggests that Plaintiff may realize that this argument is baseless and that he may indeed need to serve process on the party substituting for the original party, as he previously attempted service of process on Morton-Morris via a sheriff hand-delivering a copy of summons at an incorrect address. (Doc. No. 43). This attempt fell short because the resident of that address was not Morton-Morris and informed the sheriff that Morton-Morris formerly resided at that address "a while back." (*Id*. at 4).

filed his Second Amended Complaint, in which he substituted Morton-Morris as the defendant. (Doc. No. 29). *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."). And neither before nor after the ninety (90) days had passed did Plaintiff request an extension and show good cause for failing to effect service of process on Morton-Morris. Indeed, almost *300 days* passed between Plaintiff filing his Second Amended Complaint and the Magistrate Judge's entry of an order to show cause for an extension to the deadline to serve Morton-Morris. (Doc. Nos. 29 and 52). And rather than present any evidence showing some further attempt at serving Morton-Morris at some point within that lengthy period of time, Plaintiff in his response to the show cause order simply accused Morton-Morris of refusing to accept service without evidence that Morton-Morris attempted to evade service of process.[9] (Doc. No. 53 at 13). And absent a showing of good cause, the Court, in its discretion, declines to grant relief that Plaintiff has not even requested—namely, additional time for service even in the absence of good cause. *See* Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment (explaining that Rule 4(m) "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service . . . and authorizes the court to [grant relief] . . . even if there is no good cause shown").

The Court also agrees with the R&R that—even if good cause existed (which to be clear, it does not)—no extension of time to serve Morton-Morris should be given, because such an extension would be futile. *See Howse v. Metro. Gov't of Nashville & Davidson Cnty.*, Civ. No.

---

[9] What Plaintiff presented as "proof" that Morton-Morris refused to accept service was a copied and pasted screenshot of an allegedly received voicemail, which that was not even left by Morton-Morris. (Doc. No. 53-1 at 65-66; Doc. No. 57-4 at 4-5). This is not sufficient to establish that Morton-Morris refused to accept service.

3:18-1148, 2019 WL 13397804, at *6 (M.D. Tenn. Mar. 4, 2019), *report and recommendation adopted*, 2019 WL 13397803 (M.D. Tenn. Apr. 29, 2019) (denying an extension because "an extension of time to obtain service of process upon [the defendants] would be an exercise in futility"). As explained by the Magistrate Judge, "[Plaintiff's] only claim against Morton-Morris is that she is liable for Malchow's alleged violation of [Plaintiff's] Fourteenth Amendment rights in the underlying state court proceedings," but the Fourteenth Amendment "can be violated only by conduct that may be fairly characterized as 'state action,'" *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982), and "Plaintiff has not alleged that Malchow or Morton-Morris is a state actor for constitutional purposes, and there are no facts in [Plaintiff's] second amended complaint to support a reasonable inference that Malchow or Morton-Morris is a state actor." (Doc. No. 55 at 6-7).

It is clear from the record that Plaintiff did not effect service of process on Morton-Morris, as required under Rule 4, and therefore, the Court reaches the same conclusion as did the Magistrate Judge: that Plaintiff failed to serve Motion-Morris on a timely basis. Moreover, the Court agrees with the R&R that no extension should be given to Plaintiff's Rule 4 deadline, as granting an extension to effect service of process on Morton-Morris would be futile, given that Plaintiff's only claim against Morton-Morris is meritless and any extension would merely prolong a doomed claim.[10]

---

[10] The R&R explains that Plaintiff has not alleged that Malchow or Morton-Morris is a state actor for constitutional purposes, and there are no facts in Plaintiff's second amended complaint to support a reasonable inference that Malchow or Morton-Morris is a state actor. (Doc. No. 55 at 7). So, even if Plaintiff achieved effective Rule 4 service of process on Morton-Morris, his claim against her would be subject to prompt dismissal. *See Kennedy v. Grattan Twp.*, No. 1:06-cv-657, 2007 WL 1108566, at *4 (W.D. Mich. Apr. 10, 2007) (declining to "extend the time for service" where "formal service would [ ] be futile" and instead "dismiss[ing] the case . . . for lack of service under Rule 4(m)").

CONCLUSION

For the reasons discussed herein, Plaintiff's Objections (Doc. No. 57) are overruled, and the Court adopts the Magistrate Judge's R&R (Doc. No. 55). Accordingly, Plaintiff's claims against Morton-Morris are DISMISSED in their entirety, and the Clerk is DIRECTED to terminate Morton-Morris as a defendant.

Morton-Morris was the last remaining Defendant in this case, inasmuch as all claims against Morton-Morris's co-Defendants were recently dismissed. (Doc. No. 60). As no claims have survived, the Clerk is directed to enter judgment under Federal Rule of Civil Procedure 58 and close the file.[11]

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[11] It should be noted that Plaintiff has appealed this Court's Order (Doc. No. 60), which adopted the Report and Recommendation to dismiss both insurance-company defendants. However, it appears that that appeal is untimely under 28 U.S.C. § 291, because Plaintiff appealed an order that resolves *fewer than all* claims in the case. Therefore, this Court retains, and exercises herein, jurisdiction to decide to proceed to final judgment by adjudicating the claim(s) against the final defendant, Morton-Morris. *See United States v. Skidmore*, 953 F.2d 1385 (6th Cir. 1992) (citing *Trice v. Commercial Union Assurance Co.,* 334 F.2d 673, 676 (6th Cir. 1964) (providing that the filing and pendency of untimely appeals did not divest the district court of jurisdiction to proceed to a final judgment), *and Cochran v. Birkel,* 651 F.2d 1219, 1222 (6th Cir. 1981)).